## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**In re:**

| | | |
|---|---|---|
| **MARIE C. MAGERA MBUI,** | : | CHAPTER 13 |
| | : | |
| Debtor. | : | BANKRUPTCY NO. 23-12191-amc |

### DEBTOR'S MOTION FOR RECONSIDERATION OF AND RELIEF FROM THE NOVEMBER 30, 2023 ORDER DISMISSING DEBTOR'S CASE, PURSUANT TO BANKRUPTCY RULES 9023 AND 9024 AND FED.R.CIV.P. 59 AND 60(b)

The Debtor, MARIE C. MAGERA MBUI, in the above Chapter 13 bankruptcy case, by and through her counsel, Regional Bankruptcy Center of Southeastern PA, P.C., hereby moves this Honorable Court to reconsider and vacate the Order entered on November 30, 2023, dismissing the Debtor's case, and in support thereof respectfully represents as follows:

1. The Debtor filed the instant bankruptcy proceeding under Chapter 13 of the Bankruptcy Code on July 24, 2023, on an emergency basis because her property was listed for a postponed Sheriff's Sale later that week, and the mortgage servicer would not commit to a postponement of the Sale even though the servicer was still processing a loan modification that had all but been approved. On the filing date, the Debtor filed her Voluntary Chapter 13 Petition, Credit Counseling Certificate, Statement of Social Security Number, and Attorney Disclosure.

2. Because of the urgent nature of the filing, the Debtor had provided few documents to counsel at the time of filing, and therefore she was unable to file her Schedules, Summaries, Statements, Chapter 13 Plan or Creditor Address Matrix together with her Voluntary Petition.

3. Scott F. Waterman, Esquire, is the Chapter 13 Standing Trustee appointed in the Debtor's case.

4. On July 25, 2023, the Court issued a standard Order requiring the Debtor to file her

Creditor Address Matrix by July 31, 2023, and the missing Schedules, Summaries, Statements, Chapter 13 Plan by August 7, 2023.

5. The Debtor timely filed her Creditor Address Matrix on July 31, 2023, but requested additional time to gather information and documents, draft and file her Schedules, Summaries, Statements, and Chapter 13 Plan. The Court granted two requested extensions, and the Debtor filed all required documents by September 12, 2023, as Ordered by the Court.

6. Notice of the §341 Meeting of Creditors was docketed on September 14, 2023, with the §341 Meeting initially scheduled on October 13, 2023.

7. Because the Debtor had not commenced Chapter 13 Plan payments filed on September 12, 2023, about ten days later on September 22, 2023, the Trustee filed a Motion to Dismiss the Debtor's case. The Trustee's Motion also included an allegation in the Motion to Dismiss that there was unreasonable delay by the Debtor, even though at that juncture, the Debtor had filed all required documents by the Court's extended deadline so there were insufficient grounds to allege unreasonable delay at the time the Motion to Dismiss was filed. Notably, no factual basis was alleged in the Motion for unreasonable delay.

8. The Debtor had only her 2021 tax return at the time of filing, but the Trustee required that she have the 2022 tax return uploaded to the portal prior to holding the §341 Meeting of Creditors that was scheduled on October 13, 2023.

9. Therefore, the Trustee rescheduled the §341 Meeting of Creditors on December 1, 2023.

10. The Debtor was unable to upload the 2022 tax return at least 7 days prior to the rescheduled §341 Meeting of Creditors on December 1, 2023, because her non-Debtor husband is the point of contact with the tax preparer, he travels a significant amount of the time for work, he

had not provided a copy to the Debtor in the period leading up to the rescheduled §341 Meeting of Creditors on December 1, 2023, and then the Debtor's husband became ill in the period leading up to the November 29, 2023.hearings scheduled on confirmation and the Trustee's Motion to Dismiss the case.

11. On November 3, 2023, well before the November 29, 2023.hearings scheduled on confirmation and the Trustee's Motion to Dismiss the case, the Debtor's $6,000.00 payment to the Trustee was marked as received by the Trustee, bringing the Debtor current on Plan payments.

12. The rescheduled date for the §341 Meeting of Creditors was two days after the November 29, 2023.hearings scheduled on confirmation and the Trustee's Motion to Dismiss the case, but in anticipation that the §341 Meeting would not take place because the Trustee had not yet received a copy of the Debtor's 2022 joint tax return, the Trustee pressed for dismissal of the case, and the Court granted the Motion over the Debtor's objection and without an evidentiary hearing.

13. The protocol for holding §341 Meetings is that the tax return and a couple other documents must be uploaded to the Trustee's portal at least 7 days prior to the scheduled Meeting. Although the Trustee requires other documents to administer the case, he does not require that all of the documents be uploaded to his portal prior to the §341 Meeting.

14. The Debtor had uploaded many, but not all of the documents required by the Trustee to conduct the §341 Meeting on December 1, 2023, the notable exception being the 2022 joint tax return. The Trustee also mentioned wanting to review leases and rental licenses, but not necessarily prior to the §341 Meeting, at the November 29, 2023 hearing.

15. As of the November 29, 2023.hearing date on confirmation and the Trustee's Motion to Dismiss, and now, only five claims had/have been filed in the Debtor's case. All of the claims

relate to loans for the Debtor's rental properties. Three were filed as secured claims of U.S. Bank Trust, N.A., and two were filed as unsecured claims by Phoenixville Federal Bank & Trust. Both lenders are represented by competent counsel, none of whom joined the Trustee in pressing for dismissal of the case.

16. Although the Order dismissing the Debtor's case does not specify the grounds for dismissing the case, the dismissal was clearly based on unreasonable delay, not Plan payments, per the colloquy that took place at the November 29, 2023 hearings.

17. There were outstanding objections to confirmation of the Debtor's Plan, but no allegations by the five claimants of unreasonable delay.

18. The Debtor believes and therefore avers that there was no unreasonable delay and intends to promptly prosecute her case and address all claims filed if the case is reinstated.

19. Before the hearing on this Motion for Reconsideration, the Debtor will have provided all documents requested by the Trustee.

WHEREFORE, the Debtor requests this Honorable Court to reconsider and grant relief from the Order entered November 30, 2023, dismissing the Debtor's case, and to enter an order vacating the dismissal Order and reinstating this case.

Respectfully submitted,
REGIONAL BANKRUPTCY CENTER OF
SOUTHEASTERN PA, P.C., by:

_____
Roger V. Ashodian
Attorney ID #42586
101 West Chester Pike, Suite 1A
Havertown, PA  19083
(610) 446-6800

Attorney for Debtor