UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISON

IN RE:   MARIE C. MAGERA MBUI        :   CASE NO.: 23-12191-amc
                                      :
                                      :
          Debtor(s)                   :   CHAPTER 13


AMENDED CHAPTER 13 PLAN

☒ Original
☐ __First__ Amended

Date: __July 10, 2024__

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

YOUR RIGHTS WILL BE AFFECTED

You should have received from the Court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-5. **This Plan may be confirmed and become binding, unless a written objection is filed.**

IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU
MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE
NOTICE OF MEETING OF CREDITORS.

### Part 1: Bankruptcy Rule 3015.1 Disclosures

☒ Plan contains non-standard or additional provisions – see Part 9

☐ Plan limits the amount of secured claim(s) based on value of collateral – see Part 4

☐ Plan avoids a security interest or lien – see Part 4 and/or Part 9

## Part 2: Payment and Length of Plan

**§2(a) Plan payments (For Initial and Amended Plans):**

**Total Length of Plan:** __36__ months.

**Total Base Amount to be paid to the Chapter 13 Trustee ("Trustee") $__35,590.92__**
Debtor shall pay the Trustee $_____ per month for _____ months; and
Debtor shall pay the Trustee $_____ per month for the remaining _____ months.
or
Debtor shall have already paid the Trustee $__14,000.00__ through month number __10__ and then shall pay the Trustee $__830.42__ per month for the remaining __26__ months.

☒ Other changes in the scheduled plan payments are set forth in §2(d)

**§2(b)** Debtor shall make Plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):

Rental income

**§2(c) Alternative treatment of secured claims:**

☒ **None.** If "None" is checked, the rest of §2(c) need not be completed.

☒ **Sale of real property**
    See §7(c) below for detailed description

☒ **Loan modification with respect to mortgage encumbering property:**
    See §4(f) below for detailed description

**§2(d)** Other information that may be important relating to the payment and length of Plan:

See Part 9(D).

**§2(e) Estimated Distribution:**

| | | |
|---|---|---|
| A. | Total Priority Claims (Part 3) | |
| | 1. Unpaid attorney's fees | $ 3,225.00 |
| | 2. Unpaid attorney's costs | $ 0.00 |
| | 3. Other priority claims (e.g., priority taxes) | $ 0.00 |
| B. | Total distribution to cure defaults (§4(b)) | $ 0.00 |
| C. | Total distribution on secured claims (§§4(c) &(d)) | $ 28,777.65 |
| D. | Total distribution on unsecured claims (Part 5) | $ 29.00 |
| | Subtotal | $ 32,031.65 |
| E. | Estimated Trustee's Commission | $ 3,559.27 |
| F. | Base Amount | $ 35,590.92 |

§2(f)   Allowance of Compensation Pursuant to L.B.R. 2016-3(a)(2)

☒ By checking this box, Debtor's counsel certifies that the information contained in Counsel's Disclosure of Compensation [Form B2030] is accurate, qualifies counsel to receive compensation pursuant to L.B.R. 2016-3(a)(2), and requests this Court approve counsel's compensation in the total amount of $ <u>4,725.00, plus $313.00 in cost, with $2,000.00 to be disbursed by the Trustee for the balance of the flat rate for services specified in the Rule 2016(b) form, paragraph 7(A) and $1,225.00 to be disbursed by the Trustee for the balance to date of filing this First Amended Chapter 13 Plan for non-flat rate for services specified in the Rule 2016(b) form, paragraph 7(B)</u>, with the Trustee distributing to counsel the amount stated in §2(e)(A)(1) of the Plan. Confirmation of the plan shall constitute allowance of the requested compensation.

## Part 3: Priority Claims (Including Administration Expenses & Debtor's Counsel Fees)

§3(a) Except as provided in §3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Claim Number | Type of Priority | Estimated Amount to be Paid |
|---|---|---|---|
| Trustee Compensation | n/a | Administrative | Percentage set by U.S. Trustee |
| Debtor's Counsel | n/a | Administrative | $2,000.00 (flat rate services) |
| Debtor's Counsel | n/a | Administrative | $1,225.00 (non-flat rate services) |

§3(b) Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.

☒ **None.** If "None" is checked, the rest of §3(b) need not be completed.

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. This plan provision requires that payments in §2(a) be for a term of 60 months; see 11 U.S.C. §1322(a)(4).

| Name of Creditor | Claim Number | Amount of Claim to be Paid |
|---|---|---|
|  |  |  |
|  |  |  |

# Part 4: Secured Claims

### §4(a) Secured claims not provided for by the Plan:

☐ **None.** If "None" is checked, the rest of §4(a) need not be completed.

| Creditor | Claim Number | Secured Property |
|---|---|---|
| ☒ If checked, Debtor will pay the creditor(s) listed below directly in accordance with the contract terms or otherwise by agreement.<br><br>Phoenixville Federal Bank and Trust | Not yet filed | 816 Kohn Street<br>Norristown, PA  19401 |
| ☒ If checked, Debtor will pay the creditor(s) listed below directly in accordance with the contract terms or otherwise by agreement.<br><br>Phoenixville Federal Bank and Trust | Not yet filed | 846 Kohn Street<br>Norristown, PA  19401 |

### §4(b) Curing Default and Maintaining Payments

☐ **None.** If "None" is checked, the rest of §4(b) need not be completed.

The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing in accordance with the parties' contract. (*See* Part 9(C) related to the *s below)

| Name of Creditor | Claim Number | Description of Secured Property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Amount to be Paid by Trustee |
|---|---|---|---|---|---|---|
| U.S. Bank Trust, N.A. | 2 | 824 Kohn Street Norristown, PA  19401 | $41,769.69 or as allowed | n/a | n/a | * $41,769.69 or as allowed |
| U.S. Bank Trust, N.A. | 5 | 842 Kohn Street Norristown, PA  19401 | $51,947.70 or as allowed | n/a | n/a | * $51,947.70 or as allowed |

### §4(c) Allowed Secured Claims to be Paid in Full: Based on Proof of Claim or Pre-Confirmation Determination of the Amount, Extent or Validity of the Claim

☐ **None.** If "None" is checked, the rest of §4(c) need not be completed.

(1) Allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) If necessary, a motion, objection and/or adversary proceeding, as appropriate, will be filed to determine the amount, extent or validity of the allowed secured claim and the court will make its determination prior to the confirmation hearing.

(3) Any amounts determined to be allowed unsecured claims will be treated either: (A) as a general unsecured claim under Part 5 of the Plan or (B) as a priority claim under Part 3, as determined by the court.

(4) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

(5) Upon completion of the Plan, payments made under this section satisfy the allowed secured claim and release the corresponding lien.

| Name of Creditor | Claim Number | Description of Secured Property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Amount to be Paid by Trustee |
|---|---|---|---|---|---|---|
| Montgomery County Tax Claim Bureau | Not yet filed | 816 Kohn Street Norristown, PA 19401 | $10,036.59 | n/a | n/a | $10,036.59 or as allowed |
| Montgomery County Tax Claim Bureau | Not yet filed | 846 Kohn Street Norristown, PA 19401 | $9,523.34 | n/a | n/a | $9,523.34 or as allowed |
| Municipality of Norristown | Not yet filed | 816 Kohn Street Norristown, PA 19401 | $1,979.12 | n/a | n/a | $1,979.12 or as allowed |
| Municipality of Norristown | Not yet filed | 846 Kohn Street Norristown, PA 19401 | $1,898.50 | n/a | n/a | $1,898.50 or as allowed |
| Norristown Area School District | Not yet filed | 816 Kohn Street Norristown, PA 19401 | $2,742.71 | n/a | n/a | $2,742.71 or as allowed |
| Norristown Area School District | Not yet filed | 846 Kohn Street Norristown, PA 19401 | $2,597.39 | n/a | n/a | $2,597.39 or as allowed |

**§4(d) Allowed secured claims to be paid in full that are excluded from 11 U.S.C. §506**

☒ **None.** If "None" is checked, the rest of §4(d) need not be completed.

The claims below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(1) The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

| Name of Creditor | Claim Number | Description of Secured Property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Amount to be Paid by Trustee |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**§4(e) Surrender**

☒ **None.** If "None" is checked, the rest of §4(e) need not be completed.

(1) Debtor elects to surrender the secured property listed below that secures the creditor's claim.

(2) The automatic stay under 11 U.S.C. §362(a) with respect to the secured property remains in effect upon confirmation of the Plan unless terminated by the Court after notice and hearing.

(3) The Trustee shall make no payments to the creditors listed below on their secured claims.

| Creditor | Claim Number | Secured Property |
|---|---|---|
|  |  |  |

### §4(f) Loan Modification

☐ None. If "None" is checked, the rest of §4(f) need not be completed.  * (see Part 9)

(1) Debtor shall pursue (a) loan modification(s) directly with U.S. Bank Trust National Association, not in its individual capacity but solely as owner Trustee for VRMTG Asset Trust, or its successor in interest or its current servicer, Shellpoint Mortgage Servicing, a division of NewRez ("Mortgage Lender"), in an effort to bring the loans on Debtor's properties located at 824 Kohn Street, 839 Kohn Street, and 842 Kohn Street, Norristown, PA 19401, current and resolve the secured arrearage claims.

(2) During the modification application process, in addition to post-petition payments made prior to filing this Amended Chapter 13 Plan, Debtor shall make adequate protection payments by resuming post-petition monthly mortgage payments effective June 1, 2024, directly to Mortgage Lenders in the amounts of $ __871.26 on 824 Kohn Street, $822.42 on 839 Kohn Street, and $821.39 on 842 Kohn Street__ per month, which represents _____ the regular monthly mortgage payments _____ (*describe basis of adequate protection payment*). Debtor shall remit the adequate protection payments directly to the Mortgage Lender.

(3) If the modification/short sale is not approved by _____ July 31, 2024 _____ (date), Debtor shall either (A) file an amended Plan to otherwise provide for the allowed claim of the Mortgage Lender; or (B) Mortgage Lender may re-list its Motion for Relief from the Automatic Stay and Co-Debtor Stay for a hearing and determination by the Court.

## Part 5: Unsecured Claims

### §5(a) Specifically Classified Allowed Unsecured Non-Priority Claims

☒ **None.** If "None" is checked, the rest of §5(a) need not be completed.

| Creditor | Claim Number | Basis for Separate Classification | Treatment | Amount to be Paid by Trustee |
|---|---|---|---|---|
|  |  |  |  |  |

### §5(b) All Other Timely Filed, Allowed General Unsecured Claims

(1) Liquidation Test (check one box)

☐ All Debtor(s) property is claimed as exempt.

☒ Debtor(s) has non-exempt property valued at $ __TBD__ for purposes of §1325(a)(4)

(2) Funding: §5(b) claims to be paid as follows (check one box):

☐ Pro rata

☒ 100%

☐ Other (Describe)

## Part 6: Executory Contracts & Unexpired Leases

☐ **None.** If "None" is checked, the rest of §6 need not be completed.

| Creditor/Tenant | Claim Number | Nature of Contract or Lease | Treatment by Debtor Pursuant to §365(b) |
|---|---|---|---|
| Rodrigo Morales & Lucina Salgado | n/a | Residential lease for 816 Kohn Street Norristown, PA  19401 | assume |
| Arturu Andrande & Lazaro Andrande | n/a | Residential lease for 824 Kohn Street Norristown, PA  19401 | assume |
| Angel Romero Gomez & Norma Romero-Mancilla | n/a | Residential lease for 842 Kohn Street Norristown, PA  19401 | assume |
| Jose Luis-Mejia & Marisol Lopez | n/a | Residential lease for 846 Kohn Street Norristown, PA  19401 | assume |

## Part 7: Other Provisions

### §7(a) General Principles Applicable to The Plan

(1) Vesting of Property of the Estate (***check one box***)

☒ Upon confirmation

☐ Upon discharge

(2) Subject to Bankruptcy Rule 3012 and 11 U.S.C. §1322(a)(4), the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.

(3) Post-petition contractual payments under §1322(b)(5) and adequate protection payments under §1326(a)(1)(B),(C) shall be disbursed to the creditors by the Debtor directly. All other disbursements to creditors shall be made by the Trustee.

(4) If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the court.

**§7(b) Affirmative Duties on Holders of Claims secured by a Security Interest in Debtor's Principal Residence**

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

**(6) Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.**

**§7(c) Sale of Real Property**

☐ **None.** If "None" is checked, the rest of §7(c) need not be completed.

(1) Closing for the sale of __839 Kohn Street, Norristown, PA  19401_____ (the "Real Property") shall be completed by _November 30, 2024_ (the "Sale Deadline").  Unless otherwise agreed by the parties or provided by the Court, each allowed claim secured by the Real Property will be paid in full under §4(b)(1) of the Plan at the closing ("Closing Date") – see Part 9(B).

(2) The Real Property will be marketed for sale in the following manner and on the following terms:  listed with a real estate agent to be approved by the Court.

(3) Confirmation of this Plan shall constitute an order authorizing the Debtor to pay at settlement all customary closing expenses and all liens and encumbrances, including all §4(b) claims, as may be necessary to convey good and marketable title to the purchaser. However, nothing in this Plan shall preclude the Debtor from seeking court approval of the sale of the property free and clear of liens and encumbrances pursuant to 11 U.S.C. §363(f), either prior to or after confirmation of the Plan, if, in the Debtor's judgment, such approval is necessary or in order to convey insurable title or is otherwise reasonably necessary under the circumstances to implement this Plan.

(4) At the Closing, it is estimated that the amount of no less than $ __TBD__ shall be made payable to the Trustee.

(5) Debtor shall provide the Trustee with a copy of the closing settlement sheet within 24 hours of the Closing Date.

(6) In the event that a sale of the Real Property has not been consummated by the expiration of the Sale Deadline:  the Debtor may seek an extension to close on any sale for which there is a valid agreement of sale on or before November 30, 2024, provided that the Debtor resumes regular monthly post-petition mortgage payments, or the first mortgage lender may re-list its Motion for Relief from the Automatic Stay and Co-Debtor Stay for a hearing and determination by the Court.

## Part 8: Order of Distribution

**The order of distribution of Plan payments will be as follows:**

Level 1: Trustee Commissions*
Level 2: Domestic Support Obligations
Level 3: Adequate Protection Payments
Level 4: Debtor's attorney's fees
Level 5: Priority claims, pro rata
Level 6: Secured claims, pro rata
Level 7: Specially classified unsecured claims
Level 8: General unsecured claims
Level 9: Untimely filed, allowed general unsecured claims to which the Debtor has not objected

*Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.*

## Part 9: Non Standard or Additional Plan Provisions

Under Bankruptcy Rule 3015.1(e), Plan provisions set forth below in Part 9 are effective only if the applicable box in Part 1 of this Plan is checked. Nonstandard or additional plan provisions placed elsewhere in the Plan are void.

☐ **None.** If "None" is checked, the rest of §9 need not be completed.

A) The automatic stay shall remain in full force and effect after confirmation unless modified by Order of Court after notice and hearing.

B) Debtor will prepare for and conduct the sale on the property located at 839 Kohn Street, Norristown, PA 19401 ("839 Kohn"), as set forth in Part 7(c), as follows:

    1. The Debtor will engage a contractor, sign a contract with the scope of work, obtain permits if needed, and commence renovations of 839 on or before July 31, 2024;

    2. The Debtor will complete renovations of 839, and seek Court approval for employment of a real estate agent/broker to list 839 for sale on or before August 31, 2024;

    3. The Debtor will obtain an agreement of sale for 839 on or before November 30, 2024; if Court approval for and closing on a sale of 839 does not occur on or before November 30, 2024, the Debtor must seek an extension of the deadline set forth Part 7(c)(1) in accordance with Part 7(c)(6) on or before November 30, 2024;

    4. The proceeds of the sale of 839 will be disbursed by the title agency conducting the closing on the sale of 839 in accordance with a Court Order approving the sale as follows, in the order of priority set forth:

        (a) an amount sufficient to fully satisfy Claim No. 1, including the total debt listed in paragraph 9 and Part 2 of Official Form 410A, as adjusted by the Court in the Order approving the sale to include any additional post-petition amounts that may be due;

        (b) an amount sufficient to fully satisfy any other outstanding liens, real estates taxes due, and/or other claims, whether filed in the Debtor's case or not, that are secured claims against 839;

        (c) an amount sufficient to fully satisfy any of the Debtor's outstanding post-petition tax and/or mortgage payment obligations on the properties located at 816 Kohn Street, Norristown, PA 19401, 824 Kohn Street, Norristown, PA 19401, 842 Kohn Street, Norristown, PA 19401, and 846 Kohn Street, Norristown, PA 19401;

        (d) an amount sufficient to fully satisfy any of the Debtor's outstanding post-petition mortgage payment obligations on the property located at 1018 Riverwalk Drive, Phoenixville, PA 19460;

        (e) an amount sufficient to the extent of available funds the remaining principal balance on the property located at 1018 Riverwalk Drive, Phoenixville, PA 19460;

        (f) an amount to be tendered to the Trustee to the extent of available funds of up to the remaining balance of the base amount due under the Debtor's Chapter 13 Plan, as modified; and

        (g) any remaining funds jointly to the Debtor and her husband, Francis Wachira.

C) The amounts listed in Part 4(b) for pre-petition arrears for Claims Nos. 2 and 5 will only be paid by the Trustee if one or both of the loan modification applications are denied by the mortgage servicers. In the event either or both of the loan modification applications are denied, the Debtor will seek Court approval for a modification of this Amended Chapter 13 Plan to extend the term of the Plan to 60 months and to adjust the monthly Plan payments accordingly from the date of Court approval of such modified Plan through the 60th month.

D) Upon completion of this or any other duly confirmed plan, as amended, or such earlier time when full payment under the Plan is received by any of the respective creditors:

    a. all tax liens, security interests, or mortgages that are paid in full, as such underlying obligations are finally determined by the Court, shall be satisfied of record without additional cost to the Debtor other than filing fees that are the Debtor's contractual or statutory responsibility; and

    b. all claims of creditors listed in the Debtor's Schedules that are dischargeable pursuant to 11 U.S.C. §1328 shall be discharged; and

E) Part 7(a)(2) is modified as follows: Confirmation of the Plan constitutes a finding by the Court that treatment of creditors under the terms of this Plan bars disbursements for any claims filed after confirmation, unless by agreement with the Debtor or ordered by the Court, with the exception of Notices of Post-Petition Mortgage Fees, Charges, and Expenses, which shall be filed and determined in accordance with Bankruptcy Rule 3002.1(c)-(e).

F) If the Trustee's compensation rate is increased or decreased during the course of the Plan by the United States Trustee and the Plan does not provide for sufficient funds to cover the increase or provides more than required, the Debtor may modify the Plan payments to adjust for any changes.

## Part 10: Signatures

By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan.

Date: July 10, 2024

REGIONAL BANKRUPTCY CENTER OF SOUTHEASTERN PA, P.C., by:

Roger V. Ashodian
Attorney ID #42586
101 West Chester Pike, Suite 1A
Havertown, PA 19083

Attorney for Debtor(s)

Date: July 10 2024

Marie C. Magera Mbui, Debtor